**Bernice ALLEN, Plaintiff,**

v.

**SISTERS OF SAINT JOSEPH, a non-profit corporation, Defendant.**

Civ. A. No. CA–5–1204.

United States District Court,
N. D. Texas,
Lubbock Division.

June 13, 1973.

Thomas J. Griffith, Griffith & Brister, Lubbock, Tex., for plaintiff.

Charles B. Jones, Evans, Pharr, Trout & Jones, and Bobby J. Moody, Lubbock, Tex., for defendant.

MEMORANDUM AND ORDER

WOODWARD, District Judge.

The above-entitled and numbered cause was filed with the Clerk of this Court on the 13th day of June, 1973, and the plaintiff, by her sworn complaint, asks for a temporary restraining order, permanent injunction and for general relief. Accordingly, due to the emergency nature of the complaint, a hearing was held in open court on the 13th day of June, 1973, at 11:00 a. m. with the attorneys for both plaintiff and defendant appearing on behalf of their respective clients.

After hearing the agument of counsel, the Court finds that there are no material differences between the parties as to the facts of this case and that the facts as alleged in plaintiff's complaint are substantially correct. Briefly, plaintiff is a patient in the defendant's hospital having been placed there after an accident in which she suffered an accidental fracture of her thigh. At the time of the accident and presently plaintiff is late in her third trimester of pregnancy, expecting a multiple birth. In the early periods of her pregnancy she had agreed with her attending physician that she would undergo a tubal ligation after delivery resulting in her sterilization. Plaintiff is an unwed mother of two children, is a welfare recipient, and is subject to epileptic seizures. Because of the fracture of her thigh she is in traction, and because of this condition her orthopedic surgeon and her obstetrician have recommended a cesarean delivery of the child or children that are expected.

The defendant hospital is an institution supported by a religious organization, an order of the Catholic Church, and has received funds under the Hill-Burton Act, from the state and federal governments to build and construct its physical facilities, is licensed by the

State of Texas, receives and regularly applies for federal, state, and local government funds under welfare and similar programs and is immune from income and local and state tax liability because of its charitable nature.

Plaintiff now desires to have the tubal ligation at the time the cesarean section is performed. The Sisters, holding the belief that sterilization is contrary to their religion, have refused to allow their facilities for such procedure.

There are other hospitals in Lubbock, Texas, within the immediate vicinity of the defendant's facility that would not refuse the plaintiff the right to have a tubal ligation performed for the purposes of sterilization, but due to the traction and her physical condition it is not practical that she be moved to another hospital. The plaintiff could, should she elect, have this procedure performed in another hospital after the delivery of her expected child or children, and her recovery from the thigh fracture, although this would require additional surgical procedures, anesthesia, and probably an additional abdominal incision which could be avoided should the procedure be allowed at the time of the cesarean section. There is no claim that the sterilization is needed to save the mother's life or correct any serious health malady.

Plaintiff asserts that this Court has jurisdiction over this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

Plaintiff has further cited and furnished to the Court an opinion by the United States District Court for the District of Montana, Taylor et al. v. St. Vincent's Hospital, No. 1090 on the docket of that Court, which is very close factually to the case *sub judice*. This case plainly and squarely supports the plaintiff's position in that it recognizes that the right to a tubal ligation is one protected by the Constitution of the United States. That Court, therefore, granted a temporary injunction against the defendant, prohibiting the defendant from denying the plaintiff and her physician the use of that hospital's facili-

ties for the performance of the tubal ligation. Likewise, in this case the plaintiff only seeks an injunction to prohibit the defendant hospital from refusing the plaintiff and her physician the use of their physical facilities. The plaintiff does not seek any injunctive relief against any individual requiring them to assist in the procedures.

The defendant in this case has cited a recent decision by the United States Court of Appeals for the Seventh Circuit, Doe v. Bellin Memorial Hospital, 479 F.2d 756 (7th Cir. 1973). The Clerk of that Court has read the pertinent provisions of that opinion over the telephone to this Court. Among other things the opinion stated:

> "No doubt the defendant hospital agreed to abide by a variety of regulatory terms related both to its operations and to the use of the Hill-Burton funds in connection with its acceptance of benefits under the Act. There is no evidence, however, that any condition relating to the performance or non-performance of abortions was imposed upon the hospital."

■ Admittedly this case involves a sterilization procedure, but the impact and holding of the Seventh Circuit was that acceptance of Hill-Burton funds does not automatically make the recipient an entity operating under the color of state law. This Court sees no distinction between abortion and sterilization insofar as the color of law question is concerned. It is the opinion of this Court that the Hill-Burton funds, welfare receipts, licensing procedures, and similar matters alleged by plaintiff to be the factors giving rise to the color of law action required by 42 U.S.C. § 1983 are not sufficient and that the defendant in this case is not operating under color of law so as to give rise to a cause of action under 42 U.S.C.A § 1983.

■ It should be noted that from the record in this case, and from the argument of counsel, it is obvious that the only reason for the sterilization was to prevent further pregnancies by the plain-

tiff and that no medical reasons were assigned that would require or necessitate her sterilization in order to preserve her health or life. Further, the plaintiff is not in such a position that she can never secure a sterilization. She has the option of having the cesarean section and concurrent sterilization performed at another hospital within Lubbock although this is admittedly not practical and would require her physical removal from traction and transportation over several city blocks to the other hospital. However, she will have to be removed from traction even when she is taken into the operating room in defendant's hospital for the cesarean section, but obviously more risk and problems are involved if she were to be removed to a separate physical hospital. Also, the sterilization can be performed after she has been delivered of her present pregnancy and after she has recovered from her injuries. The Court does not find that there is such emergency existing or overriding interest of the plaintiff that would justify this Court's intervention in the hospital's operating policies and regulations. The interest that the public has in the establishment and operation of hospitals by religious organizations is paramount to any inconvenience that would result to the plaintiff in requiring her to either be moved or await a later date for her sterilization.

Therefore, as defendant is not acting under color of law, in this case, and no compelling reason appearing to issue an injunction in order to prevent irreparable harm and injury to the life and health of the plaintiff, the petition for temporary restraining order is denied.

Further, it appears to the Court that this matter has been fully developed in the hearing before this Court, and that full opportunity should be afforded the plaintiff for any appeal she might desire on an emergency basis, the Court here denies to the plaintiff a permanent injunction and further denies any other relief she seeks by her complaint and this is a final order.