Geneva SPENCER and all others
similarly situated, Plaintiffs,

v.

SOUTHEAST MISSOURI HOSPITAL, Norval A. Randol, both Individually and in his capacity as President of the Board, David Niswonger, both Individually and in his capacity as Executive Director, all other Members of the Board of Southeast Missouri Hospital, both Individually and in their capacities as members of the Board, their names to be ascertained later and added to the Petition when determined, Defendants.

No. S78–0058C.

United States District Court,
E. D. Missouri,
Southeastern Division.

July 10, 1978.

James E. Starnes, Bootheel Area Legal Assistance Program, Sikeston, Mo., for plaintiffs.

Stephen E. Strom, Cape Girardeau, Mo., for defendants.

MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon plaintiff's application for a temporary restraining order. Plaintiff brought this suit as a class action alleging violation of her constitutional rights because defendants have refused to perform a certain surgical procedure without the consent of Spencer's husband. Jurisdiction is based upon 28 U.S.C. § 1343 in conjunction with 42 U.S.C. § 1983. Defendants contend that this Court lacks jurisdiction and that even if jurisdiction should exist, plaintiff has not established an irreparable injury necessitating the entry of injunctive relief.

At the hearing held on July 7, 1978 on plaintiff's application, the parties stipulated to the following: plaintiff is pregnant and is expected to deliver on July 19, 1978. She is being treated by a physician authorized to perform both the delivery, and the desired surgical procedure, a tubal ligation, at defendant Hospital. Plaintiff has arranged with the physician to have the tubal ligation at the time of childbirth. Defendant Southeast Missouri Hospital, however, will not permit the ligation without the written consent of her spouse. The requirement that written consent of a spouse be obtained where a sterilization be performed is a written rule of the Hospital. Plaintiff is separated from her husband and has been for approximately five years. She does not know his whereabouts. Her husband is not the father of her expected child.

Defendant Hospital is tax-exempt under federal and state law. It is certified for

Medicaid and Medicare benefits. The Hospital has received Hill-Burton funds; the last such receipt was in approximately 1967. Counsel represented to the Court that the reason for the consent rule was the possibility of civil liability on the part of the hospital to the non-consenting spouse. The state of Missouri, however, has no statutory law requiring such consent and the Hospital's civil liability is only a possibility.

Title 42 U.S.C. § 1983 provides:

Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [emphasis added]

In *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), the Court held that the actions of a private corporation could constitute state action. The circumstances under which such will occur vary but

Before the action in question can properly be characterized as "state action", there must be a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself". [cite omitted] *Briscoe v. Bock*, 540 F.2d 392, 395 (8th Cir. 1976).

See also *Barrett v. United States*, 376 F.Supp. 791, 797 (S.D.N.Y.1974), holding that a private institution may be subject to the strictures of § 1983 if

. . . it . . . be shown (1) that the state's involvement with the private institution is "significant", (2) "that the state must be involved not simply with some activity of the institution . . . but with the activity that caused the injury" . . . and (3) that the state's involvement must aid, encourage or connote approval of the complained of activity. [cites omitted]

It is clear that plaintiff has not established a sufficient nexus herein. There is no relationship between the refusal to perform surgery without the consent of the spouse and the state. The possibility that the hospital may be subjected to civil liability should a spouse sue for damages resulting from sterilization is not a sufficient tie. The state does not aid, encourage or approve the consent requirement. The mere possibility of civil liability does not establish significant state involvement. Receipt of public funds, tax-exempt status and state regulation of the hospital is similarly insufficient. See *Briscoe v. Bock, supra; accord, Allen v. Sisters of St. Joseph*, 361 F.Supp. 1212 (N.D.Tex.1973) (factually similar to the instant cause).

Having concluded that jurisdiction is lacking herein because there is no showing of state action, plaintiff's application for a temporary restraining order will be denied and the Court will dismiss this cause.