Allen P. SCHLEIN, M.D.,
Plaintiff-Appellant,

v.

The MILFORD HOSPITAL, INC.,
Defendant-Appellee.

Nos. 1263, 1410, Dockets 77–7021
and 77–7051.

United States Court of Appeals,
Second Circuit.

Argued June 1, 1977.

Decided Aug. 25, 1977.

William K. Bennett, Milford, Conn. (Bennett, Kapusta & Coughlin, John J. Coughlin, Milford, Conn., of counsel), for plaintiff-appellant.

Stephen E. Ronai (Gitlitz, Ronai & Berchem, Marsha B. Moses, Milford, Conn., of counsel) and Wiggin & Dana, New Haven, Conn., Jeremy G. Zimmerman, New Haven, Conn., of counsel, for defendant-appellee.

Before KAUFMAN, Chief Judge, MANSFIELD and ANDERSON, Circuit Judges.

PER CURIAM:

Dr. Allen P. Schlein brought this action in the District of Connecticut under 42 U.S.C. § 1983, claiming that defendant, The Milford Hospital, Inc., ("Hospital"), had rejected his application for staff privileges arbitrarily and capriciously, failing to provide him with procedural due process guaranteed by the Fourteenth Amendment. Judge Newman found sufficient state action to satisfy the jurisdictional requirements of § 1983, 383 F.Supp. 1263, but granted summary judgment in favor of the Hospital, holding that it had not acted arbitrarily but had provided Dr. Schlein with adequate procedural safeguards, 423 F.Supp. 541. We affirm the district court's dismissal of the complaint, but on the ground that the court lacked jurisdiction over the subject matter for the reason that the Hospital's denial of staff privileges did not amount to "state action" within the meaning of 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343.

Dr. Schlein is an orthopedic physician licensed to practice medicine by the State of Connecticut. He holds staff privileges at three Bridgeport hospitals and has offices in Bridgeport and Milford. On June 7, 1973, he applied for staff privileges at defendant Hospital. His application was considered by the Hospital's Credentials and

Executive Committees and by its full Medical Staff, and was denied on December 7, 1973. Ad Hoc and Appellate Review pursuant to the by-laws of the Hospital did not change the decision. Schlein commenced this action on July 5, 1974, seeking injunctive and monetary relief.

In support of his claim of federal jurisdiction under 28 U.S.C. § 1343,[1] which requires a finding of "state action," plaintiff established that the Hospital is the only short-term state-licensed hospital in Milford, Connecticut, which is seven miles from Bridgeport and New Haven. It is a private, nonprofit corporation regulated by the State of Connecticut Department of Health.[2] It is managed by a Board of Directors of 23 private citizens, including the current Mayor of Milford, is tax exempt under federal and local laws, and has been empowered by Connecticut to annex contiguous land for expansion.[3] It has received $646,000 in federal Hill-Burton [4] funds to finance new construction.

While these facts show some state involvement in the activities of the Hospital, the existence of "state action" depends on "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). As we said in *Powe v. Miles*, 407 F.2d 73, 81 (2d Cir. 1968), "the state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that caused the injury."

"The mere fact that [the State] regulates the facilities and standards of care of private hospitals does not *per se* make the acts of the hospital in discharging [here rejecting] physicians the acts of the state. 'Such a blanket rule . . . would overlook the essential point—that . . the state action, not the private action, must be the subject of the complaint." *Barrett v. United Hospital*, 376 F.Supp. 791, 803 (S.D.N.Y.) *aff'd mem.*, 506 F.2d 1395 (2d Cir. 1974), quoting *Mulvihill v. Butterfield Memorial Hospital*, 329 F.Supp. 1020 (S.D.N.Y.1971).

In *Barrett*, we affirmed the district court's holding that a private New York hospital, regulated and granted by the State substantially the same rights and authority as the hospital in the present case, could not be sued under § 1983 when it refused to grant staff privileges to a state-licensed physician. *In accord, Ward v. St. Anthony Hospital*, 476 F.2d 671 (10th Cir. 1973); *Slavacoff v. Harrisburg Polyclinic Hospital*, 375 F.Supp. 999 (M.D.Pa.1974).[5]

The principles approved by us in *Barrett* apply with equal force here. The State of Connecticut has not been shown to have played any part in the formulation or implementation of the procedures and standards utilized by the Medical Staff and Board of Directors of the Hospital in reaching their decision to reject Dr. Schlein's application for staff privileges. Nor has

1. The "under color of state" law requirement of § 1343 has been treated as the equivalent of the state action requirement of the Fourteenth Amendment and § 1331. *United States v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *Adams v. So. Cal. First National Bank*, 492 F.2d 324 (9th Cir. 1973).

2. Conn.Gen.Stat.Ann. § 19–576 *et seq.* (West) (Supp.1977).

3. Conn.Gen.Stat.Ann. § 19–73t (West) (Supp. 1977).

4. 42 U.S.C. § 291 *et seq.*

5. We have recognized the applicability of a less strict state action standard where racial discrimination is alleged, *Taylor v. Consolidated Edison*, 552 F.2d 39, 42 (2d Cir. 1977); *Jackson v. Statler Foundation*, 496 F.2d 623 (2d Cir. 1974), on the rationale that "in the area of racial discrimination, State inaction or neutrality has often been found to constitute affirmative encouragement." *Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1155 n.6 (2d Cir. 1971). This explains, at least in part, the opposite results reached by other circuits examining state action in the context of claims of racial discrimination brought against private hospitals, *e. g., Simkins v. Moses H. Cone Memorial Hospital*, 323 F.2d 959 (4th Cir. 1963); *Sams v. Ohio Valley General Hospital*, 413 F.2d 826 (4th Cir. 1969). The less strict analysis utilized in those cases is inapplicable here, where no claim of racial motivation is alleged.

the State played any role in the making of the decision itself. The by-laws of the Hospital provide that the Medical Staff will be appointed by the Board of Directors upon the recommendation of the existing Medical Staff, which is required to abide by the Hospital by-laws, rules, and regulations, modeled after those of the Joint Commission on Accreditation of Hospitals of the American Hospital Association.

Although the State licenses both private hospitals and physicians, it has not required all licensed hospitals to adopt any particular standards or procedures for the granting of staff privileges. Nor do state officials contribute material facts or information to the decisionmaking process or play any other role in the decision. In short, the State "has not put its own weight on the side of" the procedures or standards complained of by Dr. Schlein. *Jackson, supra*, 419 U.S. at 357, 95 S.Ct. at 456. We therefore conclude that there is no nexus between the particular activities challenged by the plaintiff and the State's involvement with the Hospital.

Although the activities of the Hospital are clearly "affected with a public interest," the functions performed by it have not been "traditionally associated with sovereignty," *Jackson, supra*, 419 U.S. at 353, 95 S.Ct. 449, and have long been relegated to the private domain, rather than treated as "traditionally the exclusive prerogative of the State" *Id.* Thus, its activities are not "so clearly governmental in nature" as to amount to a "public function." *Barrett v. United Hospital, supra; Powe v. Mills, supra; Grafton v. Brooklyn Law School*, 478 F.2d 1137 (2d Cir. 1974).

Even assuming, as the district court did, that the Hospital occupies a monopoly position in the Milford area (despite the existence of several hospitals seven miles away in Bridgeport and New Haven), such status

is not determinative of state action. *Jackson, supra*, 419 U.S. at 351–2, 95 S.Ct. 449. Moreover, the impact of the local monopoly upon plaintiff's ability to obtain services necessary to his medical practice is far less compelling than in *Jackson* and *Taylor v. Consolidated Edison Co.*, 552 F.2d 39 (2d Cir. 1977), where necessary utility services could not be obtained elsewhere. Here it is clear that Dr. Schlein has staff privileges and office facilities in nearby Bridgeport.[6]

We are therefore unpersuaded that the actions of the Hospital should be considered those of the State of Connecticut for the purposes of the allegations in plaintiff's complaint. Since we affirm the judgment of dismissal for lack of jurisdiction, we do not reach the merits of plaintiff's claims.

---

6. Judge Newman's finding of state action was based on the conclusion that "by virtue of its state licensing [the Hospital] has been given the authority to determine important aspects of the scope of the license required of a physician." We are unpersuaded that the limitation placed on Dr. Schlein by the Hospital is any different than that placed by the utilities on their customers in *Taylor* and *Jackson*, nor that the licensing of both parties by the state

amounts to any more intensive regulation than in *Jackson* or *Taylor*. Indeed, the critical fact, implicitly recognized by the district court, is that the State's licensing of each party without mandating acceptance by licensed hospitals of all licensed physicians indicates a clear intention by the State not to entangle itself in the traditionally private decision to grant or withhold staff privileges although the State's regulatory power would arguably extend that far.