**Clare C. HODGE, M.D., Appellant,**

v.

**PAOLI MEMORIAL HOSPITAL et al., Appellees.**

No. 77-2135.

United States Court of Appeals, Third Circuit.

Argued May 2, 1978.

Decided May 30, 1978.

Rehearing Denied July 7, 1978.

James J. Binns, Philadelphia, Pa., for appellant.

F. Hastings Griffin, William J. Woodward, Jr., Dechert, Price & Rhoads, Philadelphia, Pa., for appellees.

Before HUNTER and WEIS, Circuit Judges and COHEN, District Judge.*

OPINION OF THE COURT

PER CURIAM:

This appeal represents another of the recurring attempts to invoke federal court jurisdiction in resolving disputes between physicians and private hospitals. The plaintiff, a surgeon, alleges his staff privileges and office lease at the Paoli Memorial Hospital, Chester, Pennsylvania, were terminated without due process of law and in denial of equal protection. He brought suits under 42 U.S.C. § 1983, contending that because the nonprofit hospital corporation had received funds under the Hill-Burton Act, 42 U.S.C. §§ 291 *et seq.*, is tax exempt, and receives other benefits from the state, its

---

* Honorable Mitchell H. Cohen, United States District Court for the District of New Jersey, sitting by designation.

**564**

activity constitutes state action. The district court dismissed the complaints for failure to state a claim upon which relief can be granted. We affirm.

Physicians' efforts to invoke Hill-Burton funding as a basis for a § 1983 claim have been a fruitful source of litigation. The majority of circuits have held the receipt of Hill-Burton funds, Medicare and Medicaid payments, and the usual hospital licensing provisions do not constitute state action. *Schlein v. Milford Hospital, Inc.*, 561 F.2d 427 (2d Cir. 1977); *Greco v. Orange Memorial Hospital Corporation*, 513 F.2d 873 (5th Cir.), *cert. denied*, 423 U.S. 1000, 96 S.Ct. 433, 46 L.Ed.2d 376 (1975); *Jackson v. Norton-Children's Hospitals, Inc.*, 487 F.2d 502 (6th Cir. 1973), *cert. denied*, 416 U.S. 1000, 94 S.Ct. 2413, 40 L.Ed.2d 776 (1974); *Doe v. Bellin Memorial Hospital*, 479 F.2d 756 (7th Cir. 1973); *Briscoe v. Bock*, 540 F.2d 392 (8th Cir. 1976); *Watkins v. Mercy Medical Center*, 520 F.2d 894 (9th Cir. 1975); *Ward v. St. Anthony Hospital*, 476 F.2d 671 (10th Cir. 1973). The Court of Appeals for the Fourth Circuit has espoused a contrary view, originating in the case of *Simkins v. Moses H. Cone Memorial Hospital*, 323 F.2d 959 (4th Cir. 1963), *cert. denied*, 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659 (1964), in which a claim of racial discrimination was asserted. That court extended the principle to situations involving medical staff privileges. *See, e. g., Duffield v. Charleston Area Medical Center, Inc.*, 503 F.2d 512 (4th Cir. 1974).

The district court holdings in this circuit have followed the majority view. *See, e. g., Sament v. Hahnemann Medical College and Hospital*, 413 F.Supp. 434 (E.D.Pa.1976); *aff'd mem.*, 547 F.2d 1164 (3d Cir. 1977); *Acosta v. Tyrone Hospital*, 410 F.Supp. 1275 (W.D.Pa.1976); *Hoberman v. Lock Haven Hospital*, 377 F.Supp. 1178 (M.D.Pa.1974); *Ozlu v. Lock Haven Hospital*, 369 F.Supp. 285 (M.D.Pa.1974), *aff'd mem.*, 511 F.2d 1395 (3d Cir. 1975); *Slavcoff v. Harrisburg Polyclinic Hospital*, 375 F.Supp. 999 (M.D. Pa.1974). An exception is *Citta v. Delaware Valley Hospital*, 313 F.Supp. 301 (E.D. Pa.1970), which in the absence of any precedent from this court followed the rule espoused by the Fourth Circuit.

We have determined to stand with the vast majority of courts of appeals and hold that the receipt of Hill-Burton construction funding, Medicare and Medicaid funds, and the existence of tax exemption, as well as state licensing requirements for nonprofit hospitals, do not constitute state action under 42 U.S.C. § 1983. We do not meet the situation in other cases where other considerations may merit a different approach. *Cf. Holton v. Crozer-Chester Medical Center*, 560 F.2d 575 (3d Cir. 1977).

The judgment of the district court will be affirmed.