**LOH–SENG YO, M.D.,**
**Plaintiff-Appellant,**

v.

**CIBOLA GENERAL HOSPITAL, et al.,**
**Defendants-Appellees.**

No. 81–2111.

United States Court of Appeals,
Tenth Circuit.

May 12, 1983.

---

Bruce E. Pasternack, Albuquerque, N.M., for plaintiff-appellant.

Jonathan W. Hewes of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for defendant-appellee New Mexico Physicians Mut. Liability Co.

Alan Konrad of Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, N.M., for all other defendants-appellees.

Before SETH, Chief Judge, and HOLLOWAY and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This case is yet another attempt to invoke federal jurisdiction in a dispute between a physician and a private hospital over staff privileges. Dr. Loh-Seng Yo sued defendant hospital and others under 42 U.S.C. §§ 1983 and 1985(3) (1976), alleging that probationary sanctions imposed by the hospital, and related actions by the hospital, its employees and others deprived him of his civil rights. The district court granted summary judgment for defendants, concluding that plaintiff had established neither the state action required by his section 1983 claim, nor membership in a cognizable class as required by his section 1985(3) claim. The sole issue on appeal is whether the district court erred in dismissing the section 1983 claim for failure to establish the requisite state action. We affirm.

In his appeal, plaintiff urges the same grounds to support a finding of state action that he presented below:

"[R]eceipt by an otherwise private hospital of fifty (50) percent of its construction funding under the Hill-Burton Act, 42 U.S.C. § 291 et seq., receipt by the hospital of a portion of its operating expenses from Medicare and Medicaid programs, submission by the hospital to extensive state and federal regulations imposed pursuant to these programs, and the fact that the hospital is the only hospital within a sixty (60) mile radius, together operate so as to render the actions of the hospital state action for purposes of a suit under 42 U.S.C. § 1983."

Appellant's Brief-In-Chief 1.

In rejecting this argument, the district court relied on *Ward v. St. Anthony Hospital,* 476 F.2d 671 (10th Cir.1973), which held that "the state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff *but with the activity that caused the injury.*" *Id.* at 675 (emphasis added). In so holding, this court specifically rejected the argument that receipt of government aid and the attendant state regulation in that case, without more, gave rise to state action. *Id.*

Although *Ward* contained dicta which arguably left open the possibility that a sufficient amount of governmental aid might in and of itself render the acts of the hospital the acts of the state, that possibility has been foreclosed by two recent Supreme Court decisions. In *Rendell-Baker v. Kohn,* —— U.S. ——, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), the defendant school's income was derived *primarily* from public sources and the school was heavily regulated. Nonetheless, the Court concluded that the challenged employment decision by the school did not constitute state action because the relationship between the state and the school had absolutely no impact on the allegedly unconstitutional action at issue.

In the companion case of *Blum v. Yaretsky*, —— U.S. ——, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), the Court emphasized the requirement of a " 'sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.' " *Id.* 102 S.Ct. at 2786 (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974)). The Court pointed out that the "purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum,* 102 S.Ct. at 2786 (emphasis in original).

In this case, plaintiff bases his allegation of state action solely on receipt of governmental funds, extensive governmental regulation, and a localized geographic monopoly enjoyed by the hospital. However, he makes no allegation that these facts involved the state in any significant manner in the *specific conduct* of which he complains. Accordingly plaintiff has failed to establish state action sufficient to invoke the jurisdiction of this court. *See Gilmore v. Salt Lake Community Action Program,* 710 F.2d 632, 636 (10th Cir.1983). Virtually every circuit that has considered allegations substantially similar to those before us has reached the same conclusion. *See, e.g., Modaber v. Culpeper Memorial Hospital,* 674 F.2d 1023, 1026 (4th Cir.1982); *Newsom v. Vanderbilt University,* 653 F.2d 1100, 1115 (6th Cir.1981); *Hodge v. Paoli Memorial Hospital,* 576 F.2d 563, 564 (3d Cir.1978); *Schlein v. Milford Hospital, Inc.,* 561 F.2d 427, 428–29 (2d Cir.1977); *Briscoe v. Bock,* 540 F.2d 392, 395–96 (8th Cir.1976).

The judgment is affirmed.