**Milton LUBIN, M.D., Appellant,**

**v.**

**CRITTENDEN HOSPITAL ASSOCIATION, A Corporation, R.F. Scruggs, Hugh B. Chalmers, J.F. Rieves, Jr., H.G. Lanford, M.D., E.W. Bigger, Jr., John H. Goe, Ralph Hill, C.E. Morrison, Jr., Sam C. Hudson, N.S. Sechrest, Billy Wood and Mrs. Mary Arnold, Appellees.**

No. 82–2272.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1983.

Decided Aug. 9, 1983.

Rehearing Denied Sept. 16, 1983.

Jake Brick, P.A., West Memphis, Ark., for appellant.

James A. Johnson, Jr., Spears, Sloan & Johnson, West Memphis, Ark., J.C. Deacon, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for appellees.

Before BRIGHT, J.R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Dr. Martin Lubin brought this civil rights action pursuant to 42 U.S.C. § 1983 against the Crittenden Hospital Association and its trustees, alleging that disciplinary action by the Hospital deprived him of due process. The district court held that the Hospital's discipline was not state action and dismissed the complaint for lack of subject matter jurisdiction. We affirm.

Lubin is a licensed physician who has been a member of the medical staff of Crittenden Memorial Hospital in West Memphis, Arkansas, since 1953. It is undisputed that the Crittenden Hospital Association is a private, non-profit corporation organized under the laws of the State of Arkansas; it is governed by an eleven-member board of trustees; it is tax-exempt; it is located on county land and in a building owned by the county; and it receives funds from a local hospital tax. The Hospital also receives federal funds including those disbursed under the provisions of the Hill-Burton Act (42 U.S.C. § 291, et seq.), and the Medicare and Medicaid programs; and it is subject to extensive governmental regulation as a health care facility. Members of the Hospital's Board of Trustees are chosen by election in conformity with the Hospital's by-laws rather than by governmental appointment, and Lubin does not allege that a public official has ever participated as a member of the board.

The Hospital Association notified Lubin by letter that it had appointed a committee to investigate reports of misconduct by him. After the investigation was completed, the Hospital's executive committee determined that Lubin's conduct was "detrimental to the well being of the Hospital" and placed him on probation for one year with respect to his staff privileges. Lubin appealed this decision to the Board of Trustees which, after holding a hearing, upheld the committee's ruling.

Lubin then filed this action against the Hospital and its trustees alleging in count I that placing him on probation for one year violated his federal constitutional rights under the due process clause and seeking injunctive relief and damages pursuant to 42 U.S.C. § 1983. In count II, Lubin sought damages based upon state tort claims and invoked the doctrine of pendent jurisdiction. The Hospital and its trustees moved to dismiss both counts, asserting that the court lacked subject matter jurisdiction because no state action was involved. The district court granted the motion to dismiss.

On appeal, Lubin argues that the disciplinary action of the Hospital constituted state action so as to invoke federal jurisdiction pursuant to 42 U.S.C. § 1983 in conjunction with 28 U.S.C. § 1343(3). It is well established that if the action of the Hospital was a purely private action, then section 1983 affords no basis for federal jurisdiction and Lubin's claim was properly dismissed for lack of subject matter jurisdiction. *Robinson v. Bergstrom,* 579 F.2d 401, 404 (7th Cir.1978). Further, if the district court had no jurisdiction with respect to the federal claim asserted by Lubin, it had no jurisdiction over the pendent claim asserted in count II. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 722, 86 S.Ct. 1130, 1136–37, 16 L.Ed.2d 218 (1966); *Briscoe v. Bock,* 540 F.2d 392, 394 (8th Cir. 1976).

In order for the Hospital's discipline of Dr. Lubin to be classified as state action there must be a sufficiently close nexus between the challenged action of the Hospital and the state's regulation so that the action of the former may be fairly treated as that of the state itself. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453–54, 42 L.Ed.2d 477 (1974). "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982) (emphasis in original).

This court applied the nexus test in *Briscoe v. Bock, supra,* 540 F.2d 392, a case in which a physician was dismissed by a private, non-profit, tax-exempt hospital. *Id.* at 394. The hospital in question in *Briscoe*

was subject to extensive state regulation and received substantial federal funding. *Id.* We held that there was "no such nexus between the state's relationship to the Hospital's operation and the dismissal of the plaintiff as to justify attribution of the challenged action of the Hospital to the state." *Id.* at 396.

The case presented by Lubin is controlled by our decision in *Briscoe.* The only distinction between the amount of state regulation in the two cases is the fact that in this instance the county owns the Hospital's building and land. This factor is not significant because the lease agreement affords "full and complete charge of the management and operation" to the Hospital. Furthermore, Lubin makes no allegation that the state had a responsibility to exert influence over or participate in the Hospital's disciplinary procedures. Thus, we must find that a sufficient nexus does not exist between the state's relationship to the operation of the Hospital and the Hospital's discipline of Lubin to establish jurisdiction, because the state was not regulating or controlling the activity from which Lubin's complaint arises.

Lubin argues that if the nexus test fails to establish that the requisite state action was present, alternative tests finding a symbiotic relationship or a public function will indicate that the Board's activities constitute state action. We disagree. Use of the symbiotic relationship test is limited generally to cases involving racial discrimination. *See Briscoe v. Bock, supra,* 540 F.2d at 396, n. 3. The public function approach goes to cases where an entity is exercising power traditionally reserved exclusively to the state. *Rendell-Baker v. Kohn,* 457 U.S. 830, 842, 102 S.Ct. 2764, 2772, 73 L.Ed.2d 418 (1982); *Schlein v. Milford Hospital, Inc.,* 561 F.2d 427, 429 (2d Cir. 1977). Therefore we find these tests inapplicable to the present case.

Virtually every circuit that has considered substantially similar claims involving disciplinary actions by private hospitals has reached the same conclusion as *Briscoe. See, e.g., Loh-Seng Yo v. Cibola General Hospital,* 706 F.2d 306, 308 (10th Cir.1983); *Modaber v. Culpeper Memorial Hospital, Inc.,* 674 F.2d 1023, 1026 (4th Cir.1982); *Musso v. Suriano,* 586 F.2d 59, 62–63 (7th Cir.1978), *cert. denied,* 440 U.S. 971, 99 S.Ct. 1534, 59 L.Ed.2d 788 (1979); *Madry v. Sorel,* 558 F.2d 303, 305–06 (5th Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). The judgment of the district court is affirmed.