11-5154 (L)
DeMeo v. Kean

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                                     <u>Chief Judge</u>,
         ROSEMARY S. POOLER,
         DENNY CHIN,
                                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
DEREK DEMEO,
     <u>Plaintiff-Appellee-Cross Appellant</u>,

     -v.-                             11-5154 (Lead)
                                        11-5391 (XAP)
DORIAN TUCKER, SHARLEEN SPILLENGER, RALPH SPILLENGER, THE BAYOU CAFÉ, INC.,
     <u>Defendants</u>,

JOSHUA KEAN, M.K. REYNER,
     <u>Defendants-Cross Appellees</u>,

PHLIP'N SPILL, INC., INDIVIDUALLY AND DOING BUSINESS AS THE BAYOU CAFÉ,
     <u>Defendant-Appellant-Cross Appellee</u>.
- - - - - - - - - - - - - - - - - - - - - -X

1

**FOR PLAINTIFF-APPELLEE-CROSS APPELLANT:** KEVIN A. LUIBRAND, Luibrand Law Firm, PLLC, Latham, New York.

**FOR DEFENDANTS-CROSS APPELLEES:** KATE H. NEPVEU, Assistant Solicitor General, Albany, New York, <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, <u>and</u> Barbara D. Underwood, Solicitor General of the State of New York (Denise A. Hartman, Assistant Solicitor General, Albany, New York, <u>on the brief</u>).

**FOR DEFENDANT-APPELLANT-CROSS APPELLEE:** Gretchen M. Greisler, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART** and **REVERSED IN PART**.

Defendant Phlip'N Spill, the corporate owner of a bar called The Bayou Café, appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, <u>J.</u>) following a jury verdict rendered against it for compensatory and punitive damages in the total amount of $110,000. Plaintiff Derek DeMeo cross appeals from the district court's denial of his motion for a new trial pursuant to Fed. R. Civ. P. 59(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Phlip'N Spill, along with State Defendants Joshua Kean and M.K. Reyner, argues that the district court erred by denying its motion to amend the judgment to rectify a clear error of law with respect to DeMeo's due process claim. <u>See</u> Fed. R. Civ. P. 59(e); <u>Schwartz v. Liberty Mut. Ins. Co.</u>, 539 F.3d 135, 153 (2d Cir. 2008). We agree.

DeMeo claimed that he was assaulted by Officer Kean and the bar bouncer, Dorian Tucker, and that Phlip'N Spill and

2

the officers violated his due process rights under 42 U.S.C. § 1983 by altering, destroying, or losing video surveillance footage of the alleged assault, thereby impairing his right to access the courts.  To succeed on a denial of access claim, a plaintiff must show that the defendants (1) engaged in deliberate and malicious conduct that (2) resulted in actual injury, i.e., that hindered the plaintiff's effort to pursue a legal claim.  Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).  To recover under § 1983, a plaintiff must establish in addition that the defendants deprived him of this right while acting "under color of law."  Adickes v. S. H. Kress & Co., 398 U.S. 144, 174 n.44 (1970) (citation and internal quotation marks omitted).  A person acts under color of law when, e.g., "he is a willful participant in joint activity with the State."  Id. (citation and internal quotation marks omitted).  "It is not enough, however, for a plaintiff to plead state involvement in 'some activity of the institution alleged to have inflicted injury upon a plaintiff'; rather, the plaintiff must allege that the state was involved 'with the activity that caused the injury' giving rise to the action."  Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257-58 (2d Cir. 2008) (quoting Schlein v. Milford Hosp., Inc., 561 F.2d 427, 428 (2d Cir. 1977)).

Here, the jury concluded that Phlip'N Spill acted as a willful participant in joint activity with Trooper Reyner and deprived DeMeo of due process by altering, destroying, or losing video evidence.  However, the jury concluded that Trooper Reyner did not deprive DeMeo of due process by altering, destroying, or losing video evidence.  After the verdict was rendered, Phlip'N Spill moved for an amended judgment dismissing the due process claim.  The district court denied the motion, suggesting that Phlip'N Spill might have "engage[d] in legal joint activity involving the video evidence" or could have "destroyed or lost it at Reyner's suggestion or encouragement, or to curry favor with the police."  A 199-200.

Both of these theories are flawed.  First, as set out above, involvement in legal joint activity with a state official will not turn a private citizen into a state actor.  See Sybalski, 546 F.3d at 257-58.  The existence of "state action" depends on "whether there is a sufficiently close

3

nexus between the State and the challenged action of the [private citizen or entity] so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974). DeMeo could not satisfy this standard by showing that Trooper Reyner and Phlip'N Spill engaged in just any joint activity; rather, DeMeo had to prove that they engaged in joint activity involving the loss of video evidence.

The district court's hypothesis that Trooper Reyner may have encouraged Phlip'N Spill to destroy the evidence would suffice to establish state action; but it rests on naked conjecture and has no basis in the facts of this case--a point that counsel was forced to concede at oral argument.[1] It is, quite simply, a fiction. Accordingly, because Phlip'N Spill was not a state actor, the district court erred by denying Phlip'N Spill's motion to amend the judgment and dismiss DeMeo's due process claim.

DeMeo's cross appeal seeks a new trial on several grounds. First, he argues that the jury's verdict (on the assault claims) was wholly unsupported by the record, highlighting the testimony favorable to his position. However, a "claim that the jury verdict was against the weight of the evidence," and that therefore a party is entitled to a new trial under Rule 59(a), "is not reviewable on appeal." Espinal v. Goord, 558 F.3d 119, 131 (2d Cir. 2009) (citing Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp., 73 F.3d 1178, 1199 (2d Cir. 1995)).

DeMeo also takes issue with the language of the adverse inference instruction concerning the spoliation of evidence. The court instructed the jury that if they find that the missing video evidence "would have been relevant and helpful to you in determining the facts of this case, you are permitted--but you are not required--to infer that the

---

[1] The amended complaint itself contains no allegation whatsoever concerning joint activity between Trooper Reyner and Phlip'N Spill involving the destruction of video surveillance footage. Phlip'N Spill contends that the court independently erred by allowing DeMeo to proceed on an unpleaded cause of action, but we need not reach this argument.

4

images contained on the harddrives would have supported plaintiff's version of the events." A l36. DeMeo urges that the court should have mandated this inference. But courts have "wide discretion" in formulating sanctions, <u>Reilly v. Natwest Markets Group, Inc.</u>, 181 F.3d 253, 267 (2d Cir. 1999), and DeMeo offers no authority indicating that a trial court must compel the jury to draw an adverse inference.

Finally, DeMeo argues that the court erred in permitting the Defendants to elicit expert testimony regarding blood-alcohol levels from Trooper Reyner, a lay witness. DeMeo did not preserve this issue for appeal. His motion in limine sought to broadly exclude evidence of intoxication, but it did not raise the issue of lay witness testimony concerning blood-alcohol levels. Nor did DeMeo's counsel object when defense counsel inquired generally about the number of drinks needed to reach a certain blood-alcohol content. When an objection was raised, the court sustained it. But even if the district court made an erroneous ruling (which it did not) and even if DeMeo properly preserved his objection to this entire line of questioning, he cannot demonstrate that the "jury's judgment would be swayed in a material fashion by the error." <u>Arlio v. Lively</u>, 474 F.3d 46, 51 (2d Cir. 2007).

For the foregoing reasons, and having considered the parties' other arguments, we hereby **REVERSE** the judgment insofar as it awards damages to DeMeo, and as to all remaining issues we **AFFIRM**. We direct the district court to enter judgment for Phlip'N Spill on DeMeo's due process claim.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK