Wilfred E. WATKINS, M.D.,
Plaintiff-Appellant,

v.

MERCY MEDICAL CENTER et al.,
Defendants-Appellees.

No. 74–1296.

United States Court of Appeals,
Ninth Circuit.

Aug. 1, 1975.

---

Leon R. Weeks, Nampa, Idaho, for plaintiff-appellant.

Roger L. Williams, Nampa, Idaho, for defendants-appellees.

1. 364 F.Supp. 799 (D.Ida.1973).

2. 42 U.S.C. § 300a–7 provides in pertinent part:

OPINION

Before BARNES, WRIGHT and GOODWIN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Dr. Watkins is a licensed physician in Nampa, Idaho, specializing in urology. Since 1967, he had been given staff privileges at Mercy Medical Center in that city and served his medical and surgical patients there. The hospital has an affiliation with the Roman Catholic Church and had adopted the Ethical and Religious Directives for Catholic Health Care Facilities. It receives federal funds under the Hill-Burton Act. [42 U.S.C. § 291 *et seq.*]

When Dr. Watkins sought renewal or reappointment to the staff in 1972, his application was refused on recommendation of the hospital's board of directors and some subordinate committees. In his complaint for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), the doctor alleged that he was excluded from staff privileges because he refused to agree to abide by some by-laws of the hospital which prohibited certain sterilizations and abortion procedures in hospital facilities. This was alleged to violate the doctor's rights under the First, Fifth and Fourteenth Amendments and entitled him to general damages and injunctive relief reinstating his staff privileges.

The district court[1] found that it did not have jurisdiction to grant relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) because the hospital's refusal to renew involved no significant state action. Nor could it grant relief under 42 U.S.C. § 2000d because there was no allegation of discrimination based upon race, color, or national origin. Consequently, general damages and the right to use the facilities of Mercy Medical Center for performing abortions and sterilizations were denied.

However, the court found that appellee had violated 42 U.S.C. § 300a–7[2] by

"(b)(1) No entity which receives a grant, contract, loan, or loan guarantee under the Public Health Service Act, the Community Mental Health Centers Act, or the Develop-

removing appellant from staff because of his belief that sterilizations and abortions should be performed. The judgment provided for the restoration of Dr. Watkins to staff privileges on condition that he not perform abortions or sterilizations contrary to the hospital's rules.

Dr. Watkins appeals from that part of the judgment which denied damages and unrestricted use of the hospital's facilities, maintaining that there was sufficient state action to confer jurisdiction. The hospital does not cross-appeal from the reinstatement order, concluding that the judgment is "well founded and totally without error".

We affirm.

■ This circuit has repeatedly held that for state involvement with a private entity to confer jurisdiction under 42 U.S.C. § 1983 the involvement must be with the specific activity of which a party complains. *Chrisman v. Sisters of St. Joseph of Peace,* 506 F.2d 308, 313 (9th Cir. 1974). Further, the involvement must be significant and, as we stated in *Ascherman v. Presbyterian Hospital of Pacific Medical Center,* 507 F.2d 1103 (9th Cir. 1974):

> The mere receipt of Hill-Burton funds, even coupled with the alleged tax exemptions, is not sufficient connection between the state and the private activity of which appellant complains to make out state action. . . .
> Since there is no state action, the termination of appellant's staff privileges need not conform to the constitutional commands of the Fourteenth Amendment.

507 F.2d at 1105. *See also, Aasum v. Good Samaritan Hospital,* 395 F.Supp. 363 (D.Or.1975).

■ Dr. Watkins does not assert that the state had any connection with the hospital's refusal to renew his staff privileges, but rather rests his prayer for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) solely on the hospital's receipt of Hill-Burton funds. *Compare Simkins v. Moses Cone Memorial Hospital,* 323 F.2d 959 (4th Cir. 1963); *Aasum v. Good Samaritan Hospital,* 395 F.Supp. 363 (D.Or.1975). The district court's finding that it lacked jurisdiction under the above cited statutes was proper.

We find no abuse of discretion in the lower court's denial of attorney's fees.

Affirmed.

ment Disabilities Services and Facilities Construction Act after June 18, 1973, may—
(B) discriminate in the extension of staff or other privileges to any physician or other health care personnel,

. . . because of his religious beliefs or moral convictions respecting sterilization procedures or abortions."