Argued and submitted April 16, reversed May 23, 1990

BOLLAERT et ux,
*Plaintiffs,*

*v.*

WITTER et ux,
*Defendants,*

*and*

WITTER et al,
*Counterclaimants,*

*v.*

BOLLAERT et al,
*Defendants,*

*and*

ITZEN et al,
*Third-Party Plaintiffs,*

*v.*

TENNIES,
*Third-Party Defendant.*

ITZEN,
*Respondent,*

*v.*

WITTER,
*Appellant.*

(87CV139; CA A61319)

792 P2d 465

Hugh B. Collins, Medford, argued the cause and submitted the brief for appellant.

No appearance by respondent.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Stephen Witter appeals from a judgment for damages in favor of Kelly Itzen following a jury trial arising from claims of assault and intentional infliction of emotional distress.[1] He argues that the trial court erred in denying his motion for a directed verdict.[2] We view the evidence in the light most favorable to Itzen and reverse.

A boundary dispute began between Witters and Itzens when Kelly Itzen decided to replace a fence separating their adjoining properties. While Itzen was clearing some flowering shrubs and putting creosote on boards for the fence, he and Ana Witter had three separate confrontations in which words were exchanged. At some point before the fence was completed, Itzen pulled up some survey stakes that had been set on behalf of the Witters. The next day, Itzen visited Stephen Witter at Witter's office and told him that he had pulled up the stakes. Itzen testified as follows:

> "Before he said, '[l]et's duke it out,' he said that 'I'm a Vietnam Vet,' and then he said, '[l]et's duke it out.' And I figured this guy has had, you know, basic training and he's got more muscles than I do. I wouldn't have considered it anyhow, you know, whether he was a wimp or whatever. But at that point I said, '[n]o, it's ridiculous. I won't do that.'

> "Then he got a little more upset and he said, '[w]ell, Kelly, I wouldn't be surprised if my wife — if, while your're working on the fence, my wife took a gun and shot you.' And at that point I left. I had no more use for that conversation; I left."

When litigation ensued over the boundary dispute, Itzens filed a counterclaim against Witters for assault and intentional infliction of emotional distress because of the statements made by Witter to Itzen in Witter's office. After Itzen's presentation of evidence on his counterclaim, Witter moved for a directed verdict. The motion was denied. Witter

---

[1] This case was originally brought as a boundary dispute involving several parties. The only issues on appeal arise from a counterclaim brought by Itzens against Witters for assault and intentional infliction of emotional distress. The counterclaim was originally brought by Kelly and Deborah Itzen against Stephen and Ana Witter. Deborah Itzen's claims against the Witters were withdrawn. Kelly Itzen's claims against Ana Witter were dismissed following a motion for a directed verdict.

[2] Because of our disposition, we do not address appellant's other arguments.

argues that the trial court erred, because the evidence does not support either claim.

On appeal from the denial of a motion for a directed verdict, we review the evidence in the light most favorable to the non-moving party. We will not reverse unless there was no evidence from which the jury could have found the necessary facts. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984).

Assault is defined in *Cook v. Kinzua Pine Mills Co. et al*, 207 Or 34, 47-48, 293 P2d 717 (1956) as

> "an intentional attempt to do violence to the person of another coupled with present ability to carry the intention into effect."

The statements made by Witter, without some overt act, do not support a claim for assault. There is no evidence that Witter attempted to harm Itzen. Mere words, no matter how violent, do not amount to an assault. *See Restatement (Second) Torts* § 31 (1965). The trial court should have directed a verdict for Witter on the assault claim.

To support a claim for intentional infliction of emotional distress, plaintiff must show that:

> "(1) Defendant intended to inflict severe emotional distress on plaintiff; (2) defendant's acts did in fact cause plaintiff to suffer severe emotional distress; and (3) defendant's acts consisted of 'some extraordinary transgression of the bounds of socially tolerable conduct.'" *Lewis v. Oregon Beauty Supply Co.*, 302 Or 616, 626, 733 P2d 430 (1987), *citing Patton v. J. C. Penney Co.*, 301 Or 117, 122, 719 P2d 854 (1986).

Although we view the evidence in the light most favorable to Itzen, the actions of Witter are not to be considered in a sterile setting and detached from the circumstances under which they occurred. *See Pakos v. Clark*, 253 Or 113, 129, 453 P2d 682 (1969).

Those circumstances involve a continuing dispute between neighbors regarding a property boundary. Before Witter made the statement that forms the basis for Itzen's claims, Itzen told Witter that he had pulled up the survey stakes placed in the ground on behalf of Witter. In *Hall v. The May Dept. Stores*, 292 Or 131, 135, 637 P2d 126 (1981), the court said:

"[T]he tort does not provide recovery for the kind of temporary annoyance or injured feelings that can result from friction and rudeness among people in day-to-day life even when the intentional conduct causing plaintiff's distress otherwise qualifies for liability. Similarly, insults, harsh or intimidating words, or rude behavior ordinarily do not result in liability for damages even when intended to cause distress. Contemporary standards of civility hardly allow turning every case of justified indignation into an action for financial recompense. *See Brewer v. Erwin,* [287 Or 435, 457, 600 P2d 398] (1979); *Pakos v. Clark,* 253 Or 113, 132, 453 P2d 682 (1969)."

Under these circumstances, we hold that the statements made by Witter were not acts that "extraordinarily transgressed the bounds of socially tolerable conduct." This was not the type of behavior against which the tort of intentional infliction of emotional distress was meant to protect. The trial court erred in denying Witter's motion for a directed verdict.

Reversed.