John N. BACH, et al., Plaintiffs,

v.

James T. MASON, et al., Defendants.

No. Civ98–0383EEJGPAN.

United States District Court, D. Idaho.

Oct. 21, 1999.

---

John N. Bach, San Marino, CA, Koreen Morgan, Steven L. Morgan, Detsel Parkinson, Rexburg, ID, Garen Hancock, Lewisville, ID, A. Dean Bowles, Betty J. Bowles, Idaho Falls, ID, Milton Harkness, Dixie Harkness, Elko, NV, Jabez D. Ritchie, Shelley, ID, Elaine Ritchie, Iona, ID, for Plaintiffs, pro se.

Betty H. Richardson, U.S. Atty's Office, Boise, ID, Brian J. Feldman, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendants, James L. Mason, Cindy Mason, Phylis J. Gugin, Mark Davis, Al Seefried, Cheryl Mosby.

D. Marc Haws, AUSA, U.S. Atty's Office, Boise, ID, for defendants, Edward J. Lodge, Lynn B. Winmill, Larry Boyle, Michael H. Williams, Richard Ward, Betty Richardson.

Carlton R. Ericson, Hamlin & Sasser, Boise, ID, for defendants Bonneville County, Bonneville County Sheriff, Byron Stommell, Kay Cortez, Gina Dixon, Charlotte Munns, Paul Wild, Glenn Huderman, Bonneville

County Clerk, Ron Longmore, Bonneville County Assessor, Jefferson County, Jefferson County Recorder, Stephen Clark, Madison County Idaho, Madison County Recorder, Beth Reese, Madison County Assessor, Lyle Saurey, Madison County Sheriff, Gregg Moffat, Terry Bair, Madison County Prosecutor, Kip Manwaring.

Alva A. Harris, Shelley, ID, for defendants, Pro Indiviso, Inc., Scona, Inc., Jared Harris, Pro Indiviso, Inc., Evelyn Harris, Kent Carlson, Caralee Carlson, Grant E. Hann.

Alva A. Harris, Shelley, ID, for defendant pro se.

Gordon S. Thatcher, Rigby Thatcher Andrus Rigby & Kam, Rexburg, ID, for defendant Ray Rigby.

### ORDER OF DISMISSAL

EDWARD J. GARCIA, District Judge.

This matter is before the court on various motions. Specifically, the following defense motions have been made: (1) the IRS defendants[1] and defendant Richard Wards' motion to dismiss; (2) the Bonneville County defendants,[2] the Jefferson County defendants,[3] the Madison County defendants,[4] defendant David Sasser, and Hamlin & Sassers' motion to dismiss and/or quash service; (3) defendant Jared Harris' motion to dismiss and/or motion for summary judgment; and (4) the federal judges[5] and United States Attorney Betty Richardsons' motion to dismiss. In addition, plaintiffs have filed various motions. After carefully reviewing the complaints and the documents submitted in connection with the motions, the court has determined that the motions are appropriate for resolution without oral argument. Accordingly, the motions are ordered submitted. For the reasons set forth below, plaintiffs' amended complaint is dismissed with prejudice.

### BACKGROUND

On September 30, 1998, plaintiffs in *pro per* filed this action in the District of Idaho. Broadly construed, the complaint appeared to allege a grand conspiracy among various city, county, state, and federal officials, as well as private parties, to deprive plaintiffs of their constitutional rights. More specifically, the plaintiffs alleged that the IRS wrongfully seized and sold their properties in violation of the Tax Code and that law enforcement and the courts ignored their obligations to protect plaintiffs' rights. Since the complaint named each district judge and magistrate judge in the District of Idaho as defendants, the case was reassigned to the undersigned of the Eastern District of California.

Thereafter, this court allowed six of the plaintiffs to withdraw from the action. By this time, many of the defendants had filed motions to dismiss. Nevertheless, on June 1, 1999, the court issued an order in which it *sua sponte* dismissed plaintiffs' complaint, without prejudice, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. On June 15, 1999, the plaintiffs sought and were granted a thirty day extension of time in which to file their amended complaint. Plaintiffs' amended complaint was

1. The IRS defendants consist of James Mason, Cindy Mason, Phylis Gugin, Mark Davis, Al Seefried, Cheryl Mosby, Kay Mosher, Hester Pulling, Keith Farrer, Jack Cheskaty, Gerald Heschell, Richard Owens, Steve Hines, Donald Jensen, Pam Bigelow, Sid Beckstead, Clive London, Merry Trudeau, and Randy Harper.

2. The Bonneville County defendants consist of Bonneville County, Bonneville County Sheriff Byron Stommel, Kay Cortez, Gina Dixon, Charlotte Munns, Paul Wild, Glenn Huderman, Bonneville County Clerk Ron Longmore, and Bonneville County Assessor P. Blake Mueller.

3. The Jefferson County defendants consist of Jefferson County, Jefferson County Recorder Connie Keller, Jefferson County Sheriff Blair Olsen and Stephen Clark.

4. The Madison County defendants consist of Madison County, Madison County Recorder Beth Reese, Madison County Assessor Lyle Saurey, Madison County Sheriff Greg Moffatt, Madison County Prosecutor Sid Brown, and Madison County employees Terry Bair and Kip Manwaring.

5. The federal judges consist of United States District Judge Edward J. Lodge, United States District Judge B. Lynn Winmill, United States Magistrate Judge Mikel H. Williams, and United States Magistrate Judge Larry M. Boyle.

then filed on August 2, 1999.[6] In response, the above listed motions were filed and the court now issues the following order.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8

On June 1, 1999, this court issued an order in which it *sua sponte* dismissed plaintiffs' complaint, with leave to amend, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. In that order, the court specifically listed the complaint's major flaws and then set forth some basic pleading requirements for plaintiffs to adhere to when they drafted their amended complaint. The court cautioned plaintiffs that failure to amend so as to comply with Rule 8 could result in dismissal with prejudice. After receiving a thirty day extension, plaintiffs filed their amended complaint on August 2, 1999.

Now, the IRS defendants, defendant Richard Ward, the federal judges, and United States Attorney Betty Richardson move to dismiss the amended complaint pursuant to Rule 8. A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Rule 41(b). *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981). Rule 41(b) provides in part that a defendant may move for dismissal of an action if a plaintiff fails to comply with the Federal Rules of Civil Procedure or an order of the court.

Although plaintiffs in the instant action have made cosmetic changes to their complaint, it still does not comply with either Rule 8 or this court's previous order. In fact, the amended complaint is as confusing, verbose, and unintelligible as the original complaint. In addition, it still lacks the required specificity. For example, plaintiffs' principal allegations regard the seizure of their properties. Yet plaintiffs do not make clear exactly which properties were seized, exactly which defendants seized these properties, and exactly when these seizures occurred. Conclusory allegations do not give the defendants fair notice of what the plain-

tiffs' claims are and the grounds upon which they rest. *See Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Moreover, it appears that plaintiffs have all but ignored this court's pleading suggestions. For instance, in the order this court stated that "plaintiffs must specify which defendants are liable for which claims. Some of the claims cannot be pled against all of the defendants." Despite this admonition, plaintiffs have attempted yet again to bring most of the federal claims against all of the defendants. As discussed more fully below, this is improper. Also in the order, the court noted that "the complaint contains hardly any dates." Plaintiffs have not corrected this flaw in the amended complaint thus making it difficult for the court to determine whether their complaint is time-barred. Lastly, despite being told to do so, plaintiffs have failed to specify which facts support which of their claims.

Before dismissing an action under Rule 41(b), however, a district court should first attempt other less drastic alternatives. *See Nevijel*, 651 F.2d at 674. "These less drastic alternatives [can] include allowing further amended complaints, allowing additional time, or insisting that [the party] associate experienced counsel." *Id.* This court has tried less drastic alternatives in this case to no avail. First, the court allowed plaintiffs to amend their complaint after giving them explicit drafting instructions. Second, the court granted plaintiffs a thirty day extension of time in which to file their amended complaint. Lastly, the court directed the plaintiffs to read Rule 11 of the Federal Rules of Civil Procedure and noted that Rule 11's sanction provision applies to parties in *pro per*. Despite this warning, plaintiffs have not indicated to the court that they wish to hire an attorney. Accordingly, the court finds that dismissal of this action under Rule 41(b) with prejudice is appropriate.

Again, the court recognizes that the plaintiffs are proceeding without legal counsel. However, "[p]ro se litigants must follow

---

**6.** The order granting plaintiffs an extension of time to file their amended complaint stated that the complaint needed to be filed with the court

by August 1, 1999. However, since August 1 was a Sunday, plaintiffs properly filed their complaint on Monday, August 2.

the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987). In addition, the lead plaintiff in this case, John Bach, is a former attorney. He is therefore presumably capable of drafting a comprehensible and legally sufficient complaint setting forth plaintiffs' claims.

For the above reasons, the IRS defendants, defendant Richard Ward, the federal judges, and United States Attorney Betty Richardsons' motion to dismiss pursuant to Rule 8 is granted with prejudice. The action is also dismissed with prejudice as to all defendants on this basis. *See Silverton v. Department of Treasury,* 644 F.2d 1341, 1345 (9th Cir.1981) (*sua sponte* dismissal of action against non-moving defendants is appropriate where "such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related").

Although this ruling disposes of the entire action, some of the defendants have moved to dismiss plaintiffs' complaint on other grounds. As discussed below, these grounds provide alternative reasons for dismissing plaintiffs' complaint.

### B. *Federal Rule of Civil Procedure 4(m)*

A Rule 12(b)(5) motion to dismiss for insufficiency of service of process has been made in all of the defense motions except for Jared Harris'. Specifically, these defense motions contend that plaintiffs have failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

Rule 4(m) requires dismissal without prejudice when a defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint. Here, plaintiffs filed their original complaint on September 30, 1998. Thus, the 120 day period would have expired on January 28, 1999. The moving defendants have submitted affidavits which demonstrate that none of them were served within the 120 day period required by Rule 4(m).[7]

**7.** The court also notes that there are many other defendants in this case which have not been

Nevertheless, Rule 4(m) requires a court to extend the time for service for an appropriate period if the plaintiffs show good cause for the failure to effect timely service. If good cause is not shown, it is discretionary with the court whether to grant an extension or whether to dismiss the action without prejudice. In this case, plaintiffs have not explained their failure to effect timely service of the original complaint. In fact, plaintiffs have also failed to timely serve all of the defendants with a copy of the amended complaint.

Therefore, the court could dismiss this action against the moving defendants without prejudice pursuant to Rule 4(m). However, the court has already concluded that dismissal of this action against all defendants should be with prejudice for plaintiffs' failure to comply with Rule 8. This resolution makes it unnecessary for the court to dismiss the action without prejudice per Rule 4(m) or to decide the other service of process motions that defendants have filed.

### C. *Federal Rule of Civil Procedure 12(b)(6)*

Next, the IRS defendants, defendant Richard Ward, and defendant Jared Harris have filed various motions to dismiss pursuant to Rule 12(b)(6) for failure of plaintiffs' complaint to state claims upon which relief can be granted. The sufficiency of each of the federal claims will be briefly discussed below.

#### 1. *RICO Claim*

Plaintiffs first allege that defendants have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* To state a claim under RICO plaintiffs must demonstrate: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Sun Savings and Loan Association v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987). In addition, plaintiffs must allege a causal connection between the pattern and the injury to the plaintiffs. *See Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996).

timely served or have never been served.

■ In the amended complaint, plaintiffs make the following allegations regarding RICO:

> All of said defendants and each of them, have engaged, participated and conduct, and continue this date to so conduct themselves, having committed more than two (2) predicate acts involving interstate commerce, so as to violated, jointly and severally, in multi-layers of illegal and corrupt activities and pursuits, the Federal R.I.C.O. Act, 18 U.S.C. §§ 1961–1968. (*See* Amended Compl. ¶ 28.)

These general and conclusory allegations fail to state a RICO claim. These statements fail to identify the actions of each defendant or to allege the predicate acts necessary to allege a pattern of racketeering activities with the requisite specificity. Accordingly, plaintiffs' RICO claim is dismissed for failure to state a claim upon which relief can be granted.

### 2. *26 U.S.C. §§ 6331, 6343, and 7426*

Next, plaintiffs allege that some of the defendants have violated 26 U.S.C. §§ 6331, 6343, and 7426. Section 6331 authorizes the federal government to levy upon, distrain, and seize the property or property interests of taxpayers who neglect or refuse to pay taxes. Section 6343 provides the basis for releasing property which has been levied upon. Neither section provides for a right of action.

■ Section 7426 provides that a third party may file a civil action against the United States in federal court as the remedy for a wrongful levy. This section is not applicable here because first the United States is not a named defendant and second the plaintiffs are the taxpayers levied upon and not third parties. (*See* Amended Compl. ¶¶ 18–19.) Thus, these claims are also dismissed.

### 3. *26 U.S.C. §§ 7433 and 6343(a)*

Plaintiffs also allege that 26 U.S.C. §§ 7433 and 6343(a) were violated. Section 7433 authorizes taxpayers to bring a civil action for damages against the United States

for certain unauthorized collection actions. The only authorized defendant under this code section, however, is the United States. Since the United States is not a named defendant in this action and since plaintiffs cannot bring an action under this section against the other defendants, this claim must be dismissed. Plaintiffs' allegations under section 6343 have already been discussed and dismissed above.

### 4. *26 U.S.C. § 7432 and 28 U.S.C. § 2410*

Plaintiffs allege next that 26 U.S.C. § 7432[8] and 28 U.S.C. § 2410 were violated. Section 7432 of Title 26 authorizes civil damages for failure of an officer or employee of the IRS to release a lien. Section 2410 of Title 28 permits the United States to be named as a party in certain actions affecting property on which the United States has a lien. Only the United States can be sued under these two code sections. Since the United States is not a named defendant in this action, these claims must be dismissed.

### 5. *42 U.S.C. § 1983*

■ Plaintiffs have alleged numerous claims pursuant to 42 U.S.C. § 1983. However, plaintiffs improperly attempt to bring these claims against *all* of the defendants. As noted in the court's previous order, claims under 42 U.S.C. § 1983 can only be brought against individuals acting under color of state law. *See Billings v. United States,* 57 F.3d 797, 801 (9th Cir.1995). Accordingly, plaintiffs' § 1983 claims must be dismissed to the extent that they are brought against individuals acting under color of federal law or non-governmental individuals.

With that in mind, the court now turns to plaintiffs' various § 1983 claims.

#### a. *First Amendment*

■ Plaintiffs allege in a conclusory fashion that their rights as established by the First Amendment were violated. Plaintiffs do not specify what the First Amendment violation is or the facts supporting it. Since plaintiffs make no allegations supporting their claim that their constitutionally protect-

---

**8.** The code section plaintiffs cite, 28 U.S.C. § 7432, does not exist so the court assumes that plaintiffs meant to cite 26 U.S.C. § 7432.

ed right to free speech was violated, this claim is dismissed.

### b. *Fifth Amendment*

Next, plaintiffs allege, pursuant to 42 U.S.C. § 1983, that *all* of the defendants violated their rights under the Fifth Amendment. However, the Fifth Amendment applies to and restricts only the federal government and federal actors. *See Geneva Towers Tenants Organization v. Federated Mortgage Investors,* 504 F.2d 483, 487 (9th Cir. 1974). As noted above, claims under 42 U.S.C. § 1983 cannot be brought against individuals acting under color of federal law. Thus, the Fifth Amendment allegations are improper and are accordingly dismissed.

### c. *Eighth Amendment*

An allegation that defendants violated the Eighth Amendment is pled next. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Plaintiffs do not specify which clause of the Eighth Amendment they invoke. Although there is an allegation that some of the plaintiffs were arrested, there are no allegations regarding bail or fines. In addition, the cruel and unusual provision is inapplicable here because it applies only to those who have been convicted of a crime. *See City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 243–44, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). There are no allegations that any of the plaintiffs were ever convicted of a crime.

### d. *Thirteenth Amendment*

Plaintiffs also allege that defendants violated the Thirteenth Amendment, the Amendment which abolished slavery and involuntary servitude. Plaintiffs appear to be arguing that they are "slaves" because they have to pay income taxes. That is patently frivolous. First, the Sixteenth Amendment to the Constitution gives Congress the power "to lay and collect taxes on incomes." Second, the Ninth Circuit has already considered and rejected such arguments. *See, e.g., Kasey v. Commissioner of Internal Revenue,* 457 F.2d 369, 370 (9th Cir.1972). Accordingly, plaintiffs' claims under the Thirteenth Amendment are dismissed.

### e. *Fourteenth Amendment*

█ ·Plaintiffs' last 42 U.S.C. § 1983 claim involves the Fourteenth Amendment. Again, as with previous claims, plaintiffs do not specify which provisions of the Fourteenth Amendment they are invoking. Accordingly, they have failed to state a claim upon which relief can be granted under the Fourteenth Amendment. Nevertheless, to the extent plaintiffs are purporting to bring a claim under the equal protection clause, they fail. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998). Plaintiffs have not alleged that they are members in a protected class and have not alleged any information in which that can be inferred.

### 6. *42 U.S.C. § 1985(2)*

█ Next, plaintiffs allege that defendants violated 42 U.S.C. § 1985(2). "Section 1985(2) contains two clauses that give rise to separate causes of action." *See Portman v. County of Santa Clara,* 995 F.2d 898, 908 (9th Cir.1993). The first clause concerns access to federal courts. *Id.* at 909. Although plaintiffs contend that they were denied access to this court, they provide no factual allegations to support that statement. The second clause concerns access to state or territorial courts. *Id.* However, "the second clause of section 1985(2) [requires] an allegation of class-based animus for the statement of a claim under that clause." *Id.* Here, plaintiffs have not alleged that they were denied access to any state courts because they are members of a protected class. Overall, plaintiffs have no claims under 42 U.S.C. § 1985(2).

### 7. *42 U.S.C. § 1985(3)*

█ Plaintiffs also allege that defendants violated 42 U.S.C. § 1985(3). To properly plead a claim under § 1985(3), a complaint must have sufficient allegations that defen-

dants' conduct was motivated by a racial or otherwise class-based, invidiously discriminatory animus. *Trerice v. Pedersen,* 769 F.2d 1398, 1402 (9th Cir.1985). "Such animus constitutes an essential element of a cause of action under section 1985(3)." *Id.*

Here, plaintiffs' complaint does not allege the requisite animus, nor does it contain any factual allegations from which a race or class-based animus can be inferred. Because the complaint does not contain the necessary allegations, the 42 U.S.C. § 1985(3) claim is unsupportable and is hereby dismissed.

### 8. *42 U.S.C. §§ 1986 and 1988*

Plaintiffs' next to last federal claims are brought pursuant to 42 U.S.C. §§ 1986 and 1988. First, as to plaintiffs' claim under § 1986, the Ninth Circuit has adopted the broadly accepted principle that a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under § 1985. *Trerice,* 769 F.2d at 1403. Accordingly, plaintiffs' § 1986 claim must be dismissed since their § 1985 claims were dismissed.

Second, section 1988 of Title 42 of the United States Code provides that in certain civil rights actions the district court may, in its discretion, award the prevailing party reasonable attorneys' fees. Section 1988, however, does not provide an restrain these defendants from selling any real properties obtained from the plaintiffs. Each of these motions will be discussed in turn.

### 1. *Motion for Entry of Default Judgment*

█ Pursuant to Rule 55 of the Federal Rules of Civil Procedure, plaintiffs seek entry of default judgment against defendants Pro Indiviso, Inc., Scona, Inc., Alva Harris, Jared Harris, Evelyn Harris, Kent Carlson, Grant Hann, and Darrell Harris. Rule 55 describes a two-step process by which a default judgment may be entered. First, under Rule 55(a), a plaintiff may request the clerk to enter a default against a party upon a showing that the party "has failed to plead or otherwise defend as provided by these rules...." After entry of default, and upon application by the plaintiff, a default judgment may then be entered by the clerk or by the court pursuant to Rule 55(b).

Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied.

### 2. *Motion for Sanctions*

Next, plaintiffs ask the court to sanction these defendants and to strike their answers and motions due to their alleged default. An explanation of some terminology is in order here. When a defendant is in "default," it simply means that "the defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *See* Schwarzer, Tashima & Wagstaffe *Federal Civil Procedure Before Trial* ¶ 6:2 (1999). Defendant's default by itself, however, has no legal consequences. *Id.* at ¶ 6:3. "Until the default is 'entered' by the court clerk, defendant can still appear in the action." *Id.* In other words, "if no default has yet been 'entered,' the clerk must accept for filing defendant's pleadings or motions although they are filed late. Once they are filed, it is too late for entry of default, and defendant can proceed with its defense." *Id.*

Since no default was entered here, the clerk properly accepted the said defendants' answers and motions. Therefore, plaintiffs' motion for sanctions and to strike defendants' answers and motions is denied.

### 3. *Motion for Permanent Injunction*

Finally, plaintiffs seek a permanent injunction to restrain certain defendants from selling any real properties they may have obtained from the plaintiffs. In addition, plaintiffs seek to require defendants to return plaintiffs' real properties. The requirements for the issuance of a permanent injunction, which are not cited by the plaintiffs, are "the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law." *LaDuke v. Nelson,* 762 F.2d 1318, 1330 (9th Cir.1985), modified, 796 F.2d 309 (9th Cir.1986). The court declines to address plaintiffs' request for a permanent injunction because plaintiffs did not even make an attempt to show the court that they meet the specific standards which permit the grant of a permanent injunction.

### CONCLUSION

1. The IRS defendants, defendant Richard Ward, the federal judges, and United States Attorney Betty Richardsons' motion to dismiss pursuant to Rule 8 is granted. For the reasons stated above, this action is now dismissed with prejudice as to *all* defendants.

2. The IRS defendants, defendant Richard Ward, and defendant Jared Harris' motion to dismiss pursuant to Rule 12(b)(6) is also granted.

3. These resolutions moot the need to decide any motions brought pursuant to Rule 12(b)(5) and Rule 4.

4. Plaintiffs' motion for entry of default judgment, for sanctions, and for a permanent injunction is denied.

5. The Clerk of Court is directed to close this file.

IT IS SO ORDERED.