**Bruce R. NIELSON, Plaintiff,**

v.

**LEGACY HEALTH SYSTEMS, et. al., Defendants.**

**No. 00–1197–HO.**

United States District Court, D. Oregon.

June 12, 2001.

Bruce R. Nielson, Vancouver, WA, pro se.

Sheri C. Browning, Keating Jones Bildstein Hughes, Portland, OR, for Defendant.

## OPINION AND ORDER

HAGGERTY, District Judge.

### I. Introduction

This case arises out of a state-court custody decision by the Circuit Court of Washington County, Oregon, denying plaintiff custody of his daughter and ordering him to pay child support to his former wife. Plaintiff filed three lawsuits against a number of defendants who played varying roles in plaintiff's child-custody matters. The defendants have filed motions to dismiss plaintiff's complaints or alternatively, requiring him to make his allegations more definite and certain. Upon initial review of plaintiff's complaints, the court found they were deficient. Those cases have now been consolidated into one proceeding. Because he was proceeding without the assistance of counsel, the court held the motions to dismiss in abeyance and granted plaintiff leave to file a single second-amended complaint curing the defects noted in his earlier pleadings. Plaintiff has now filed his second-amended complaint. For the following reasons, plaintiff's second-amended complaint is dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

### II. Inadequacy of Plaintiff's Claims

Plaintiff alleges claims under 42 U.S.C. §§ 1983 and 1985(2) for violations of his federal constitutional rights, federal RICO claims, state-law claims for negligence, intentional infliction of emotional distress, assault, and claims under Oregon anti-intimidation statutes. On a motion to dismiss, the court must accept plaintiff's factual allegations as true, and all reasonable inferences must be drawn in favor of plaintiff. *Pelletier v. Federal Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir.1992). In addition, because he is proceeding without the assistance of coun-

sel, plaintiff's allegations must be liberally construed. *Eldridge v. Block,* 832 F.2d 1132, 1136 (9th Cir.1987). However, dismissal is proper where plaintiff's claims as pleaded do not support a claim for relief. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). Each of plaintiff's claims is discussed in turn below.

## III. Federal Claims

### A. 42 U.S.C. § 1983

#### 1. Private Defendants

■ 42 U.S.C. § 1983 is a federal statute allowing persons whose federal constitutional rights have been violated by government officials to sue in federal court. In order to state a claim under § 1983, plaintiff must demonstrate that the defendants acted under color of state law and deprived him of rights secured by the Constitution or federal statutes. 42. U.S.C.A. § 1983 (West 2000). Section 1983 does not allow such a claim to be brought against private parties who were not acting under color of state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). A private party may be sued under § 1983 only if sufficient facts are alleged to show that the conduct of the private party is "fairly attributable to the State" and that there was an agreement between the state and the private party to deprive plaintiff his constitutional rights. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936–37, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir.1989) (citations omitted). Plaintiff must allege sufficient facts to show that the private person wilfully participated in a joint action with state officials to deprive the plaintiff of his constitutional rights. *Taylor v. List,* 880 F.2d 1040, 1048 (9th Cir.1989).

■ Plaintiff has sued his former wife's private attorney, private medical facilities, and a number of employees of those pri-

vate medical facilities under § 1983. Liberally construed, plaintiff alleges that these defendants "conspired" with government officials to violate his civil rights so that they qualify as state actors. The Ninth Circuit has consistently dismissed private hospitals, doctors, and attorneys in § 1983 claims for failing to come within the color of state law. *See Briley v. State of Cal.,* 564 F.2d 849, 855–56 (9th Cir.1977) (private hospitals not acting under color of state law unless the state is significantly involved in the private party's activities); *Watkins v. Mercy Med. Center,* 520 F.2d 894, 896 (9th Cir.1975) (private doctors normally do not come within the color of state law); *Polk County v. Dodson,* 454 U.S. 312, 319 n. 9, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (private attorneys do not act under color of state law). Plaintiff fails to provide specific facts showing how any of these defendants colluded with a state official to deprive plaintiff of his constitutional rights. Therefore, plaintiff's claims against Dr. Linda Lorenz ("Lorenz"), Grazia Shack ("Shack"), Adelaide Turner ("Turner"), Keri Manderfeld ("Manderfeld"), Guy Edmonds ("Edmonds"), Leah Baer ("Baer"), Dr. Sandra Shulmire ("Shulmire"), and Kirsten Lurtz ("Lurtz") are dismissed.

#### 2. State Defendants

■ Plaintiff also alleges that several employees of Legacy Health Systems ("Legacy"), Kaiser Permanente, State of Oregon Services to Children and Families ("SOSCF"), Trillium Family Service ("Trillium"), and Tualatin Valley Center ("Tualatin Valley") violated his constitutional rights. Plaintiff alleges that these defendants deprived him of due process under the Fourteenth Amendment because he was not able to see his daughter during an investigation of possible child abuse by plaintiff. First, plaintiff alleges that he was deprived of due process because the

state court placed restrictions on his custodial rights. This federal court has no authority to overturn or otherwise review the state-court child custody decision. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986). "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." *Id.* Simply put, child-support and child-custody issues are matters to be decided solely by the state courts. This federal court has no authority to review decisions made by the state courts, even if those claims are raised in a complaint for damages. *Id.* Plaintiff's custody dispute was settled in state court, and plaintiff received all the due process to which he was entitled.

■ Second, plaintiff alleges that his due process rights were violated because the integrity of the relationship between he and his daughter was damaged by the child welfare employees at SOSCF during the investigation, and that those employees provided false information to the court. However, "[t]he right to family integrity clearly does not include a constitutional right to be free from child abuse investigations," even if the investigation fails to discover evidence of abuse. *See Devereaux v. Perez*, 218 F.3d 1045, 1053 (9th Cir.2000) (quoting *Watterson v. Page*, 987 F.2d 1, 8 (1st Cir.1993)), *see also Doe v. State of La.*, 2 F.3d 1412, 1417–18 (5th Cir.1993) (childprotective-services employee who allegedly made false representations did not violate plaintiff's constitutional right of family integrity).

■ Additionally, plaintiff's claims against the SOSCF employees fail because child-welfare employees have qualified immunity from claims under § 1983 if their discretionary conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir.1991) (quoting

*Harlow v. Fitzgerald*, 457 U.S. 800, 808, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). An investigation into reports of child abuse is discretionary and does not amount to deprivation of constitutional rights unless the investigation clearly exceeds established legal norms. *See Wallis v. Spencer*, 202 F.3d 1126, 1144–45 (9th Cir.2000); *Devereaux*, 218 F.3d at 1053. Even a grossly negligent investigation by a child-protective services-employee does not amount to deprivation of a clearly established right. *Devereaux*, 218 F.3d at 1054 (quoting *Stem v. Ahearn*, 908 F.2d 1 (5th Cir.1990)). Plaintiff has failed to allege a claim upon which relief can be granted against defendants Legacy, Kaiser Permanente, SOSCF, Trillium, and Tualatin Valley.

**B. 42 U.S.C. § 1985**

Section 1985(2) allows an action for damages against those who conspire to deny a person access to federal and state courts by "force, intimidation, or threat." In this case, plaintiff appears to allege that the defendants denied him access to the state court in which his custody issues were decided. In order to have a valid claim for denial of access to a state court, the plaintiff must allege that he is a member of a protected class. He must also allege specific allegations showing how each defendant denied him access to the state court because he is a member of a protected class. *Portman v. County of Santa Clara*, 995 F.2d 898, 908 (9th Cir.1993); *Bach v. Mason*, 190 F.R.D. 567, 573 (D.Idaho 1999).

■ In addition, § 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws. In order to state a claim, plaintiff must establish that a conspiracy existed to deprive him of equal protection of the law and that the conspiracy was based on discriminatory hostility toward the protected class. However,

plaintiff's allegations of a conspiracy are vague. "A mere allegation of a conspiracy without factual specificity is insufficient." *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621 (9th Cir.1988). In his amended complaint, plaintiff fails to provide specific factual allegations with respect to each defendant's acts which has led plaintiff to believe that the defendant was a part of the alleged conspiracy.

Plaintiff also fails to allege he is a member of a protected class. The amended complaint appears to allege some form of discrimination based on gender, sexual orientation, and divorced fathers seeking custody. However, none of these classes is protected under § 1985. *See Segreto v. Kirschner*, 977 F.Supp. 553, 565 (D.Conn. 1985) (white male is not a protected class); *DeSantis v. Pacific Tel. & Tel.*, 608 F.2d 327, 333 (9th Cir.1979) (neither homosexual or heterosexual males have been afforded special protection by Congress under § 1985); *Humphrey v. Ct. of Common Pleas*, 640 F.Supp. 1239, 1243 (M.D.Pa. 1986) (divorced fathers seeking custody of their children are not a protected class).

### C. RICO

██ Plaintiff also alleges a claim against Legacy, SOSCF, and Trillium under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et. seq. RICO provides a civil action for persons injured by a "pattern of racketeering activity" for a number of crimes including fraud. In order to state a claim under RICO based on a predicate act of fraud, the plaintiff must "state the circumstances constituting fraud with particularity" and state the facts establishing the pattern of racketeering activity by the enterprise. *Alan Neuman Prods. Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact

although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff must also establish that the enterprise exhibits a structure for making decisions and that it has an existence beyond that which is necessary to commit the alleged acts. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1083 (9th Cir.2000). Plaintiff must further demonstrate that the defendants knew and agreed to facilitate a criminal offense in violation of RICO. *Salinas v. United States*, 522 U.S. 52, 64, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997).

██ Plaintiff's amended complaint fails to meet the requirements of a RICO claim; he fails to show that defendants Legacy, SOSCF, and Trillium were part of a RICO enterprise, that they agreed to violate the substantive provisions of RICO, or that they agreed to participate in a RICO conspiracy. Plaintiff merely asserts his RICO claim is based on the "false allegations and fraudulent statements" of the defendants. He provides no specifics of time, place, or the nature of the alleged RICO violations. Therefore, his RICO claim is dismissed for failure to state the circumstances constituting fraud with particularity. *Alan Neuman Prods. Inc.*, 862 F.2d at 1392.

## IV. State Claims

### A. Negligence

Plaintiff claims that Legacy, Lorenz, Kaiser Permanente, and Trillium owed him a general duty of care to report suspicions of child abuse in good faith and that they breached that duty. Plaintiff also claims that their negligence directly caused him emotional distress and physical injuries including a black out which resulted in a ruptured disc, a broken molar, and an injured forehead.

██ A claim for negligence requires the showing of four elements: (1) that the defendant owed a duty to the

plaintiff; (2) the defendant breached that duty; (3) plaintiff was harmed resulting in damages; and (4) the breach of the duty caused that harm. *Solberg v. Johnson,* 306 Or. 484, 490–91, 760 P.2d 867 (1988). Plaintiff fails to allege that any defendant owed him a duty recognized under law, that the defendant breached that duty, or a causal link between the breach of that duty and the harm plaintiff claims he suffered. The court is unaware of any authority holding that a negligence claim exists for failing to use reasonable care in reporting suspected child abuse to child-welfare-protection authorities. Rather, as discussed below, Oregon immunizes from liability those who report child abuse in "good faith." ORS 419B.025. Additionally, it is apparent from plaintiff's allegations that the defendants had no physical contact with plaintiff. Thus, plaintiff's allegations of physical injuries, such as a broken molar, have no relation to a negligence claim. The allegations against the defendants are vague and conclusory and fail to establish sufficient facts to constitute negligence and are therefore dismissed.

### B. Intentional Infliction of Emotional Distress

 Plaintiff appears to allege claims for intentional infliction of emotional distress ("IIED") against all the defendants. In order to state a claim for IIED, a plaintiff must allege sufficient facts to demonstrate that the defendants intentionally engaged in outrageous conduct that caused the plaintiff severe emotional distress. *Checkley v. Boyd,* 170 Or.App. 721, 726, 14 P.3d 81 (2000) (quoting *McGanty v. Staudenraus,* 321 Or. 532, 543, 550–51, 901 P.2d 841 (1995)). Plaintiff fails to allege that the defendants intended to cause or knew with substantial certainty that their

conduct would cause plaintiff severe distress, that the conduct was an extraordinary transgression of the bounds of socially tolerable behavior, and that there was a direct causal link between the defendants' conduct and the plaintiff's severe distress. *See Checkley,* 170 Or.App. at 726, 14 P.3d 81. Furthermore, plaintiff fails to demonstrate that the defendants knew their statements during the investigation were false, which is a crucial element in demonstrating an extraordinary transgression of socially tolerable behavior.[1] *See id.* at 727, 14 P.3d 81.

### C. Assault

 Plaintiff also appears to allege a claim of assault on himself and his daughter by a number of the defendants. He alleges that the defendant's "threats" to deprive plaintiff of his ability to see his daughter constitute an assault on his person. An assault is an intentional attempt to inflict force or violence to another and present ability to carry that intention into effect. *State v. Olsen,* 138 Or. 666, 671, 7 P.2d 792 (1932). The person perpetuating the assault must intentionally place the victim in apprehension of an immediate battery. *State of Oregon v. Garcias,* 296 Or. 688, 692, 679 P.2d 1354 (1984). Mere words, even extremely violent words, are not enough to constitute an assault. *Bollaert v. Witter,* 101 Or.App. 654, 657, 792 P.2d 465 (quoting Restatement (Second) Torts § 31 (1965)).

Even if the court accepts this as true, plaintiff has not stated a *prima facie* case of assault because he has not shown that any of the defendants intentionally threatened him with violence. *See Uihlein,* 282 Or. 631, 641, 580 P.2d 1014 (1978). Insofar as plaintiff is alleging assault on his daugh-

---

1. In addition, as discussed in section IV. E., plaintiff's IIED claim is precluded by ORS 419B.025.

ter by the defendants, because he does not have custody of his daughter, he is not able to state a claim on her behalf. *See generally Campbell v. Burt,* 141 F.3d 927 (9th Cir.1998). Furthermore, plaintiff is not an attorney and cannot represent his daughter in this case. *Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997) (holding that a parent cannot bring an action on behalf of his minor children without retaining an attorney).

**D. ORS 30.198 Intimidation Claims**

 Plaintiff alleges that a number of defendants violated Oregon state law against intimidation, ORS 30.198. In order to bring such a claim, the conduct at issue must meet Oregon's criminal statutes against intimidation. ORS 166.155 states that a person commits intimidation in the second degree if he or she:

(a) Tampers or interferes with property, having no right to do so nor reasonable ground to believe that the person has such right, with the intent to cause substantial inconvenience to another because of the person's perception of the other's race, color, religion, national origin or sexual orientation;

(b) Intentionally subjects another to offensive physical contact because of the person's perception of the other's race, color, religion, national origin, or sexual orientation;

(c) Intentionally, because of the person's perception of race, color, religion, national origin or sexual orientation of another or of a member of the other's family, subjects such other person to alarm by threatening:

(A) To inflict serious physical injury upon or to commit a felony affecting such other person, or a member of the person's family; or

(B) To cause substantial damage to the property of the other person or of

a member of the other person's family.

(3) For purposes of this section:

(a) "Property" means any tangible personal property or real property.

ORS 166.155. ORS 166.165 states that a person commits intimidation in the first degree if he or she acts in concert with two or more persons to:

(a)(A) Intentionally, knowingly or recklessly cause physical injury to another person because of the actors' perception of that person's race, color, religion, national origin or sexual orientation; or

(B) With criminal negligence cause physical injury to another person by means of a deadly weapon because of the actors' perception of that person's race, color, religion, national origin, or sexual orientation;

(b) Intentionally, because of the actors' perception of another person's race, color, religion, national origin or sexual orientation, place another person in fear of imminent serious physical injury; or

(c) Commit such acts as would constitute the crime of intimidation in the second degree if undertaken by one person acting alone.

ORS 166.165. Plaintiff fails to allege any specific facts suggesting that he has been physically injured or that his property has been physically damaged or that he received any such threats. As such, this claim is dismissed.

**E. Duty of Officials to Report Child Abuse; Duty of Office Receiving Report; Immunity**

Aside from plaintiff's failure to meet the elements of negligence, IIED, assault, and intimidation, Oregon statutes also protect the defendants from these claims. ORS Revised Statute 419B.010 states that any private or public official who reasonably believes that a child he has come into

contact with has been abused has a duty to report to law enforcement agencies and the SOSCF. ORS 419B.010(1); ORS 419B.015. A law enforcement agency or SOSCF employee who receives such a report has an additional duty to investigate the nature and cause of the abuse. ORS 419B.020(1)(a).

■ In addition, ORS 419B.025 provides immunity from any liability to anyone who makes a good faith report of child abuse upon reasonable grounds. ORS 419B.025. Plaintiff fails to assert any facts that demonstrate defendants made any report in bad faith, or that they lacked reasonable grounds for making the claim.

### F. Statute of Limitations

The statute of limitations for plaintiff's claims is two years. ORS 12.110(1). His last complaint was filed on March 2, 2001. Therefore, he can only bring this action for claims arising after March 2, 1999. Plaintiff cannot recover for events that took place before March 2, 1999. The portions of plaintiff's claims relying on those events are dismissed for this additional reason.

### G. Tort Claim Notice

Although the prior order indicated that plaintiff's tort claims against the state and state employees were barred by the Oregon Tort Claims Act for any events before October 29, 2000, the actual date is September 2, 1999. Therefore, plaintiff's tort claims (i.e. his negligence claims, IIED claims, assault claims, and intimidation claims) against the state and state employees are barred for any events before September 2, 1999. The Oregon Tort Claims Act, ORS 30.275(2)(b), requires that notice be given to the state within 180 days of the loss or injury. Plaintiff did not send a tort claim notice until February 29, 2000. Plaintiff's second-amended complaint continues to rely on events occurring before September 2, 1999 for his tort claims

against the state and state employees; the portions of plaintiff's claims relying on those events are barred by ORS 30.275(1)(2)(b).

## VI. Conclusion

Plaintiff's second-amended complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Defendants' motion to dismiss (Case No. 01–164–HA docs. 3, 6, 8, 12, 54; Case No. 01–290–HA docs. 6, 13; Case No. 01–302–HA docs. 11, 14, 18, 24, 31) are granted. Therefore, plaintiff's second-amended complaint is dismissed with prejudice. Additionally, plaintiff's claims are dismissed based on the statute of limitations and because plaintiff did not comply with the Oregon Tort Claim Act. Any other pending motions are denied as moot.

**IT IS SO ORDERED.**