**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANTOINE D. JOHNSON, M.D., | No. 08-35529 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-05502-BHS |
| v. | |
| GRAYS HARBOR COMMUNITY HOSPITAL, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 9, 2010[**]
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Antoine D. Johnson ("Johnson") raises eight issues on appeal against various defendants.[1] We address each in turn.

The district court did not err in granting summary judgment on Johnson's claim that his suspension in 2004 violated his rights under 42 U.S.C. § 1981. Even assuming the GHCH Bylaws created a contract between Johnson and GHCH, a summary suspension does not trigger a right to a hearing under the Bylaws. *See* Bylaws ¶ 11.2-2. Accordingly, we reject Johnson's argument that his rights were violated when GHCH summarily suspended him in 2004 without giving him notice of a right to a hearing. Johnson also argues that GHCH had no "legal interest" in suspending him in 2004 because Johnson's privileges had expired by then. Even assuming that Johnson's privileges had expired in 2003, Johnson continued to practice at GHCH and admitted patients for almost a year, thereby giving GHCH a sufficient legal interest in suspending him. *Janes v. Centegra Health System*, 721 N.E.2d 702 (Ill. App. Ct. 1999), is not to the contrary, because in that case the pathologist stopped working at the hospital when his medical group terminated him, which prevented the hospital from taking further corrective action against

---

[1] "Defendants" refers to Ki Shin, Tim Troeh, Gregory May, Daniel Canfield, Robin Franciscovich, Shelly Dueber, Brent Rowe, Thomas Hightower, Grays Harbor Community Hospital ("GHCH"), GHCH Medical Staff, and GHCH Governing Board.

him. *Id.* at 704–05, 707. Therefore the district court properly granted summary judgment on this issue.

We also reject Johnson's argument that GHCH violated his rights under § 1981 when it denied his application for medical staff appointment in 2006. Although Johnson was entitled to a hearing under the Bylaws for the denial of his application, *see* Bylaws ¶ 11.2-2, and (contrary to the district court's determination) § 1981 would apply to a discriminatory denial of an application to enter into a contract, *see Patterson v. McLean Credit Union*, 491 U.S. 164, 176–77 (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074, *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004), Johnson has failed to present sufficient evidence of direct discriminatory animus to survive summary judgment. Taken in the light most favorable to Johnson, Troeh's statements to Muse are, at best, "ambivalent," *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993), and do not "directly suggest[] the existence of bias," *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219, 1221 (9th Cir. 1998). These kinds of "stray remarks" are insufficient as a matter of law to demonstrate discriminatory animus, *see Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990), and Johnson does not present any

other evidence that the failure to give him a hearing was motivated by discriminatory animus.

Nor can Johnson succeed on his argument that the district court improperly granted summary judgment on his claims under 42 U.S.C. § 1983 because GHCH is a "state actor." GHCH's non-profit status does not make it a state actor for purposes of § 1983. *See Watkins v. Mercy Med. Ctr.*, 520 F.2d 894, 896 (9th Cir. 1975). Beyond this non-profit status, the only evidence Johnson offers to prove that GHCH is a state actor is a single sentence from an answer filed by GHCH in an unrelated lawsuit in 1979. In response, GHCH has offered statements by its corporate counsel, its articles of incorporation, and the Washington Secretary of State's listing of GHCH as a regular non-profit corporation. The evidence is therefore "so one-sided that [GHCH] must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Accordingly, the district court did not err in refusing to take judicial notice of the 1979 answer, because the denial

was not "manifestly erroneous and prejudicial." *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) ( internal quotation marks omitted).[2]

Johnson argues that the district court erred in denying his common-law defamation claims because Johnson failed to produce evidence of damages. We agree with Johnson that under Washington law he did not need to produce evidence of damages because the alleged statements were actionable per se. *See Getchell v. Auto Bar Sys. Nw., Inc.*, 440 P.2d 843, 848 (Wash. 1968); Restatement (Second) of Torts § 573 & cmt. b. However, under Washington law, Troeh's statements to Muse are protected by the "common interest" qualified privilege because both had "a common interest in the subject matter of the communication," namely Johnson's past performance at GHCH. *See Moe v. Wise*, 989 P.2d 1148, 1154 (Wash. Ct. App. 1999). Troeh cannot be held liable unless Johnson shows by clear and convincing evidence that Troeh knew the statement was false, or spoke with reckless disregard of the truth. *See id.* at 1157; *Story v. Shelter Bay Co.*, 760 P.2d 368, 373 (Wash. Ct. App. 1988). The only evidence presented on this point is

---

[2] For the same reasons, we dismiss Johnson's motions to take judicial notice of the pleading and the decision in *Intercity Hospital Ass'n v. Squire*, 56 F. Supp. 472 (W.D. Wash. 1944) as moot. We also deny Johnson's request to take judicial notice of *Ritter v. Board of Commissioners of Adams County Public Hospital District No. 1*, 637 P.2d 940, 944 (Wash. 1981) as standing for the proposition that "medical staff appointments constitute implied contracts."

a "peer review process" sheet, which indicates that Troeh saw the relevant patient's chart but nowhere demonstrates that Troeh knew of the patient's condition at the time. This evidence is not "clear and convincing evidence" that Troeh spoke with actual malice under Washington law, *see Moe*, 989 P.2d at 1157, and thus we affirm the district court's grant of summary judgment on this issue, *see Truth v. Kent Sch. Dist.*, 542 F.3d 634, 641 (9th Cir. 2008) ("We may affirm on any ground supported by the record." (internal quotation marks omitted)).

Johnson argues that Shin, Franciscovich, and Hightower were negligent under Washington common law for failing to properly follow the GHCH Bylaws. "[T]o prove actionable negligence, a plaintiff must establish: (1) the existence of a duty owed to the complaining party; (2) a breach of that duty; (3) a resulting injury; and (4) that the claimed breach was the proximate cause of the injury." *Hansen v. Friend*, 824 P.2d 483, 485 (Wash. 1992) (en banc). Johnson has not established "a resulting injury" from any of the defendants' actions. Johnson does not present evidence that he was harmed by Shin's failure to report Johnson's suspension to Hightower in writing or by Franciscovich's alleged failure to investigate the status of Johnson's privileges. Nor can Johnson demonstrate injury from Hightower's failure to give him notice that he was entitled to a hearing in

connection with the 2004 suspension, because as discussed above, Johnson was not entitled to such notice under the Bylaws. *See* Bylaws ¶ 11.2-2.

Finally, Johnson contends that the district court erred in dismissing the entities he refers to as "GHCH Medical Staff" and "GHCH Governing Board." Johnson has offered no proof to contradict GHCH's assertion that these are not cognizable legal entities subject to suit. The district court thus did not err in dismissing them from the case.

**AFFIRMED.**